UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH MCDAVID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04853-JRS-MJD |
| ) | |
| MARK SIEVER, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kenneth McDavid's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCF 18-12-0013. For the reasons explained in this Entry, Mr. McDavid's petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

NCF 18-12-0013 began with the following conduct report, written on December 4, 2018, by Officer Mouser:

> On the above date at the approximate time I, officer Mouser, was instructed to give offender McDavid #943202 a urine drug screen. The offender stated "I just peed in the drain." and was unable to urinate and men[t]ioned he needed something to drink. He also stated "Can't we just do a blood draw." I informed him, after giving him an 8 oz cup of water he could not do a blood draw at this time. He then stated "I've been down for 22 years. If I wanted a blood draw you HAVE to give it to me. I know how this works. Get me Lt. Sexton. I demand a blood draw instead. Lt. Sexton knows me. Get him down here NOW!" I informed him that refusing a urine screen is a write up.

Dkt. 6-1. An addition to the report, dated December 5, 2018, states, "Behavior is not related to mental health symptoms." *Id.*

Mr. McDavid was charged with violating Code 203, Refusal to Submit to Testing. Dkt. 6-2. The matter proceeded to a disciplinary hearing on January 2, 2019. Dkt. 6-6. In addition to the conduct report, the hearing officer considered Mr. McDavid's statement, statements from two witnesses, and a medical record that Mr. McDavid presented in his defense. *Id.*

According to the hearing officer's report, Mr. McDavid said, "I just peed in the drain, I did not refuse. I told them I could not go. They lied." *Id.*

Lieutenant Storms submitted the following written statement:

> On 12/4/2018 I spoke with off. McDavid, K 943202 while in the 300 range shower After demanding a Lieutenant and a blood test instead of providing a urine sample. As I began speaking to off. McDavid I asked him (McDavid) if he was ordered by custody staff to provide a urine sample McDavid replied "yes but I just pissed in the shower drain" I then asked off. McDavid was he given 8 oz of water and a direct order of 2 hours to provide a sample McDavid stated "Yes but I am not pissing any way I want a blood draw" I asked if he was refusing to provide a urine sample, McDavid stated "Yes I want my blood drawn"

Dkt. 6-7.

Meanwhile, Inmate Chauncey Krantz provided the following written statement:

2

> The officer did refuse to give Offender McDavid the test. Offender McDavid asked for the time to have the one cup of watter that was given to him to work but when it was time for him to go he was not allowed to give the sample!

Dkt. 6-8.

Nurse Ellington provided a written statement that Mr. McDavid was physically "able to produce urine when given fluids and reasonable amount of time." Dkt. 6-9. Mr. McDavid presented a record from a CT scan of his abdomen and pelvis in 2013. Dkt. 6-10 at 2. This document does not discuss Mr. McDavid's ability to urinate. It does note that Mr. McDavid had calculi (stones) in his kidneys and ureter and that there was blood in his urine. *Id.* The scan did not reveal hydronephrosis, or retention of urine causing the kidneys to swell. *Id.*

After considering this evidence, the hearing officer found Mr. McDavid guilty and assessed sanctions, including a loss of earned credit time and a credit-class demotion. Dkt. 6-6. Mr. McDavid's administrative appeals were denied. Dkts. 6-11, 6-12.

### III. Analysis

Mr. McDavid raises several challenges to his disciplinary conviction, including:

- He has "a history of shy bladder" and "therefore shouldn't have been forced to urinate in front of someone" according to Indiana Department of Correction (IDOC) policy.

- He was not actually offered water as required by IDOC policy.

- He was never actually given an opportunity to produce a urine sample.

- The "donor form" was not signed, "which by law, makes that form invalid."

Dkt. 1 at 4–5. In other words, Mr. McDavid argues that the prison staff violated several aspects of IDOC policy during the disciplinary process and that his conviction is not supported by evidence. For the reasons discussed below, neither argument allows the Court to grant his petition.

A.  **IDOC Policy**

The prison staff's failure to adhere to the IDOC's own policies—whether by forcing Mr. McDavid to produce his sample in front of someone, or by denying him water, or by failing to sign certain forms—would not entitle Mr. McDavid to habeas relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481–82 (1995). "[A]lleged departures from procedures outlined in the prison handbook . . . have no bearing on [the] right to due process." *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008). "A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review." *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002). Accordingly, the technical and procedural defects Mr. McDavid has identified have no consequence in this habeas proceeding.

B.  **Sufficiency of the Evidence**

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. McDavid's hearing officer reviewed multiple pieces of evidence, and they did not all tell the same story. Officer Mouser's conduct report and Lieutenant Storms' witness statement supported the conclusion that Mr. McDavid refused to produce a urine sample as prohibited by

4

Code 203. Meanwhile, statements from Mr. McDavid and Mr. Krantz supported the opposite conclusion.

Due process only required *some* evidence to support the hearing officer's decision, and the evidence in this case satisfied that standard. Officer Mouser's conduct report and Lieutenant Storms' witness statement support the conclusion that Mr. McDavid was ordered to produce a urine sample and that he refused to do so. The fact that other evidence pointed a different direction makes no difference. This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). This Court may not grant a habeas petition so long as *any* evidence supports the hearing officer's decision, *Hill*, 472 U.S. at 455–56, and the hearing officer's decision found that support from the conduct report and Lieutenant Storms' statement.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. McDavid's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. McDavid's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   10/19/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH MCDAVID
943202
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov